532 A.2d 519

Federation of Jewish Agencies of Greater Philadelphia and Jewish Exponent, Petitioners v. Robert A. Gleason, Jr., Secretary of the Commonwealth, Department of State and John J. Petit, Jr., Prothonotary of the Court of Common Pleas, Philadelphia County Common Pleas Court, Respondents.

Argued June 9, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert A. Braun,* for petitioners.

*Janice L. Anderson,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE DOYLE, October 20, 1987:

Before us in our original jurisdiction is a petition captioned Action for Declaratory Judgment filed by the Federation of Jewish Agencies of Greater Philadelphia (Federation) and *The Jewish Exponent.* The Federation

alleges that it is the owner of a newspaper, *The Jewish Exponent* (Exponent). Defendants in the case are Robert A. Gleason, Jr., Secretary of the Commonwealth and John J. Petit, Prothonotary of the Court of Common Pleas of Philadelphia County. Ostensibly our jurisdiction stems from the naming of Secretary Gleason as a Defendant in this case. Plaintiffs make the following allegations. The Exponent is a printed newspaper that conveys reading or pictorial intelligence of passing events and local or general happenings, editorial comments, announcements, miscellaneous reading matter, commercial advertising, classified advertising, legal advertising and other notices. The Exponent has been issued in numbers of four or more pages on a weekly basis continually during a period of at least six months. It is entered under the postal rules and regulations as second-class matter in the United States mails, and has been circulated and distributed from an established place of business to subscribers or readers without regard to number for a fixed price of seventy cents per copy or twenty-two dollars for a one-year subscription. The Federation further alleges that, based upon the above recited facts, it constitutes a "newspaper" under the definition of that term appearing in Section 101 of the Newspaper Advertising Act, 45 Pa. C. S. §101. Further, the Federation asserts that pursuant to Section 307 of the Newspaper Advertising Act, 45 Pa. C. S. §307, "[n]o legal proceeding, matter, or case in which notice is required to be given by official or legal advertising, shall be binding and effective upon any interested person unless such official and legal advertising is printed and published in the newspapers of general circulation, official newspapers, and legal newspapers defined by this title. . .."

What the Federation thus seeks is a declaration that the Exponent meets the statutory definition of a

"newspaper of general circulation." It further alleges, however, that it believes that the Exponent is *not* regarded as a newspaper of general circulation in the legal communities of Philadelphia County and other counties. Thus, those counties refrain from using the Exponent as a method of publicizing legal advertising. The Federation avers that it is harmed by a lack of *recognition* as a newspaper of general circulation in that the circulation revenues of the publication have been curtailed by the failure of the legal community to place advertising in the newspaper. Additionally, the Federation maintains that the Defendants maintain no official lists of newspapers that meet the definition of "newspaper of general circulation", and that requests of the Defendants to certify the Exponent as a newspaper of general circulation have been to no avail because the Defendants claim they are possessed of no official capacity, charter or mechanism whereby they can accomplish such certification. Based upon these allegations, the Federation requests this Court to declare that the Exponent is a newspaper of general circulation pursuant to Section 101 of the Newspaper Advertising Act, and, accordingly, declare that notices that are required to be given by legal or official advertising may be published therein.

In response to the petition for declaratory judgment, the Commonwealth has filed a demurrer in which it asserts that the complaint fails to state a claim upon which relief can be granted because the Federation has cited no authority or legal basis, nor does any exist, which would indicate that the Respondent Secretary of the Commonwealth could act to "certify" the Exponent as a newspaper of general circulation. The Federation does concede that the Secretary of the Commonwealth is not mandated to perform such certification, but it asserts that that fact is not fatal to the entry of a declaratory judgment in its favor.

Initially, we must admit to some confusion in this case. While the Federation seeks to bring suit against the Secretary, it (1) agrees that the Secretary is not required to perform the actions that it seeks and (2) does not seek any remedy from the Secretary. Accordingly, we must conclude that the Federation has failed to state a cause of action against the Secretary of the Commonwealth. That being the case, we are without original jurisdiction in this matter inasmuch as there is no Commonwealth defendant. *See* Section 761(a) of the Judicial Code, 42 Pa. C. S. §761(a). Therefore, we have no recourse but to sustain the Commonwealth's demurrer, and direct that this case be transferred to the Court of Common Pleas of Philadelphia County for further proceedings against the remaining defendant. *See* Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a).

## ORDER

Now, October 20, 1987, the Respondent's demurrer is sustained and the Secretary is, accordingly, dismissed from this case. The Chief Clerk is directed to transfer this case to the Court of Common Pleas of Philadelphia County for proceedings against the remaining Defendant.